Stephen M. Seeger
District of Columbia Bar No. 431258
QUAGLIANO & SEEGER, P.C.
2620 P Street, NW
Washington, DC 20007
Tel. (202) 822-8838
Fax. (202) 822-6982
e-mail: sseeger@quagseeg.com
-----------------------------------------------

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o ) <br> C.H. EDWARDS, INC. , ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **JAMES G. DAVIS CONSTRUCTION** ) <br> **CORPORATION,** *et al.,* ) <br> ) <br>     **Defendants.** ) | Case No. 1:08-CV-01001 <br> Judge Emmet G. Sullivan |

## ANSWER AND COUNTERCLAIM

COMES NOW, Defendants James G. Davis Construction Corporation ("Davis"), Walsh Construction Company ("Walsh"), Walsh/Davis Joint Venture (the "Joint Venture"), Travelers Casualty and Surety Company of America ("Travelers") and Zurich American Insurance Company ("Zurich") (collectively referred to as "Defendants"), by and through counsel, Quagliano & Seeger, P.C., and for their Answer to the Complaint of Plaintiff United States of America f/u/b/o/ C.H. Edwards, Inc and C.H. Edwards, Inc. ("Plaintiff") state upon information and belief as follows:

## THE PARTIES

1. Defendants have insufficient information to admit or deny the allegations in Paragraph 1 and, therefore, deny the same and demand strict proof thereof.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

## JURISDICTION AND VENUE

7. Paragraph 7 sets forth a legal conclusion to which no answer is required.

8. Paragraph 8 sets forth a legal conclusion to which no answer is required.

## FACTS

9. Admit only that the Joint Venture entered into the Prime Contract. The Prime Contract speaks for itself and, therefore, Defendants deny all allegations inconsistent therewith.

10. Admit only that a copy of the Bond is attached to the Complaint as Exhibit 1. The Bond speaks for itself and, therefore, Defendants deny all allegations inconsistent therewith.

11. Admit only that a copy of the Purchase Order is attached to the Complaint as Exhibit 2. The Purchase Order speaks for itself and, therefore, Defendants deny all allegations inconsistent therewith.

12. Deny.

13. Deny.

14. Admit only that Edwards has been paid One Million One Hundred Eighty-Two Thousand Eight Hundred Seventy-One and 97/100 Dollars ($1,182,871.97). Defendants deny the remaining allegations of Paragraph 14.

15. Deny.

16. Deny.

## CAUSES OF ACTION

### COUNT I
### (Miller Act Bond Claim)

17. Defendants reallege and reassert their answers to paragraphs 1 through 16 as if fully set forth herein.

18. Defendants have insufficient information to admit or deny the allegations in Paragraph 18 and, therefore, deny the same and demand strict proof thereof.

19. Paragraph 19 sets forth a legal conclusion to which no answer is required.

20. Paragraph 20 sets forth a legal conclusion to which no answer is required.

21. Deny.

### COUNT II
### (Breach of Contract Claim)

22. Defendants reallege and reassert their answers to paragraphs 1 through 21 as if fully set forth herein.

23. Deny.

24. Deny.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Defendants deny all averments except to the extent expressly admitted.

2. Plaintiff fails to state a claim for which relief can be granted.

3. Plaintiff's claims are barred by its preemptory and superseding breaches of contract.

4. Plaintiff failed to fully and completely perform under the Contract. Defendants completed and repaired Plaintiff's work. Plaintiff's claims are barred or reduced by the doctrines of set-off and recoupment.

5. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

6. Plaintiff's claims are barred by the doctrine of release.

7. Plaintiff's claims are barred by the doctrine of payment.

8. Plaintiff's claims are barred by the doctrine of waiver.

9. Plaintiff's claims are barred by the doctrine of estoppel.

10. Plaintiff's claims are barred by the doctrine of ratification.

11. Plaintiff failed to satisfy conditions precedent to this action.

WHEREFORE, Defendants James G. Davis Construction Corporation, Walsh Construction Company, Walsh/Davis Joint Venture, Travelers Casualty and Surety Company of America, and Zurich American Insurance Company, respectfully request that this Honorable Court enter judgment in favor of Defendants, and award Defendants attorneys' fees, costs and such other and further relief as this Court deems appropriate.

## **COUNTERCLAIM**

COMES NOW, Counterclaim Plaintiffs James G. Davis Construction Corporation ("Davis"), Walsh Construction Company ("Walsh"), and the Walsh/Davis Joint Venture (the "Joint Venture"), by and through counsel Quagliano & Seeger, P.C., and for its Counterclaim against C.H. Edwards, Inc. ("Edwards"), does hereby state upon information and belief as follows:

4

1. Davis is a Virginia corporation properly registered to do business in the District of Columbia. Davis is engaged in the business of providing general construction contracting services.

2. Walsh is an Illinois corporation properly registered to do business in the District of Columbia. Walsh is engaged in the business of providing general construction contracting services.

3. Davis and Walsh are members of the Joint Venture.

4. Edwards is a North Carolina corporation engaged in the business of providing construction materials and supplies.

5. The Joint Venture contracted with the United States General Services Administration to perform certain construction work (the "Contract") on a project known as the GSA Federal Office Building in Washington, D.C. (the "Project").

6. The Joint Venture contracted with Edwards to provide specified hollow metal door frames, steel doors, wood doors, door hardware and certain other construction materials and supplies required under the Contract for the Project (the "Subcontract").

7. Edwards failed or refused to provide all of the construction materials and supplies as required under the Subcontract.

8. Certain other construction materials and supplies provided by Edwards were defective or otherwise not in accordance with the Subcontract.

9. Despite demand, Edwards has not corrected defective work and has not recognized proper credits for its incomplete and defective work.

10. The total due the Joint Venture to complete and/or correct Edwards defective work is not less than One Hundred Nineteen Thousand Four Hundred Ninety Four Dollars ($119,494), the exact amount of which shall be proven at trial.

11. The Joint Venture has satisfied all conditions precedent to bringing this counterclaim.

WHEREFORE, Counterclaim Plaintiffs James G. Davis Construction Corporation, Walsh Construction Company, and the Walsh/Davis Joint Venture, respectfully request that this Honorable Court enter judgment against C.H. Edwards, Inc. in an amount not less than One Hundred Nineteen Thousand Four Hundred Ninety Four Dollars ($119,494), the exact amount of which shall be proven at trial, plus interest, attorneys' fees, costs and such other and further relief as this Court deems appropriate.

Dated: August 29, 2008

Respectfully submitted,

*/s/ Stephen M. Seeger*
_____
Stephen M. Seeger
District of Columbia Bar No. 431258
QUAGLIANO & SEEGER, P.C.
2620 P Street, NW
Washington, DC 20007
Tel.: (202) 822-8838
Fax: (202) 822-6982
E-mail: sseeger@quagseeg.com

**Attorney for Defendants James G. Davis Construction Corporation, Walsh Construction Company, Walsh/Davis Joint Venture, Travelers Casualty and Surety Company of America, and Zurich American Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Counterclaim was sent by electronic mail and first class mail, postage prepaid, on August 29, 2008, to:

>Andrew N. Cook, Esq.
>Michael J. Schrier, Esq.
>BELL, BOYD & LLOYD, LLP
>1615 L Street, NW, Suite 1200
>Washington, DC  20036
>e-mail: acook@bellboyd.com
>
>**Counsel for Plaintiffs United States of America**
>**f/u/b/o/ C.H. Edwards, Inc and C.H. Edwards, Inc.**

>>*/s/ Stephen M. Seeger*
>>_____
>>Stephen M. Seeger